UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Edward E. Brown,

                       Plaintiff,

                                                                   **Hon. Hugh B. Scott**

                                                                   10CV497A

                       v.

                                                                    **Report &**
                                                                  **Recommendation**

United States of America,

                       Defendants
_____

      Before the Court is the defendant's motion to dismiss based upon a lack of jurisdiction (Docket No. 34).

**Background**

      The plaintiff, Edward E. Brown ("Brown"), commenced this action against the United States[1] under the Federal Tort Claims Act ("FTCA"). Brown's claim revolves around the allegation that his veteran's benefits were terminated between February 1, 2008 and November 24, 2009. (Docket No. 4 at pages 11-12). Brown asserts that prior to the termination of his benefits he had begun to have some dental work performed. The complaint does not allege any negligence with respect to the dental work which was performed. The complaint does not

---

[1] The complaint named the United States Department of Veterans Affairs and Mrs. Susan Fitzgibbons as defendants (Docket No. 4). By Order dated January 3, 2011, the United States was substituted as the sole defendant in this case. (Docket No. 13).

expressly state that the dental work was performed at a Veteran's Administration medical facility. Instead, the plaintiff's claim is based upon the assertion that his veteran's benefits were wrongfully terminated before the entire dental procedure could be completed, and thus, he had to attempt to obtain his own medical insurance to pay for the completion of the dental work. (Docket No. 4 at pages 9, 11-13). Brown asserts that he suffered pain during the time period in which the dental work was incomplete. (Docket No. 4 at pages 11-13).

The defendant has moved to dismiss claiming that the Court lacks jurisdiction concerning determinations relating to the grant or denial of veteran's benefits. (Docket No. 34).

## Discussion

Pursuant to 38 U.S.C. §511(a), the "Secretary [of Veteran's Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [exceptions that do not apply here][2], the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." It is well-settled in the

---

[2] 38 U.S.C. §511(b) provides that the second sentence of subsection (a) does not apply to– (1) matters subject to section 502 of this title; (2) matters covered by sections 1975 and 1984 of this title; (3) matters arising under chapter 37 of this title; and (4) matters covered by chapter 72 of this title. The first exception, which refers to 38 U.S.C. § 502, relates to judicial review of rules and regulations governed by 5 U.S.C. § 552(a)(1) and 553 (regarding rules and regulations that federal agencies are required to promulgate by FOIA). The second exception, which refers to 38 U.S.C. §§ 1975 and 1984, relates to civil actions regarding life insurance. The third exception, which refers to 38 U.S.C. Chapter 37, relates to housing and small business loans. The fourth and last exception, which refers to 38 U.S.C. Chapter 72, relates to the Court of Veterans Appeals' exclusive jurisdiction to review decisions of the Board of Veterans Appeals. The plaintiff does not allege that the instant case falls within any of these exceptions.

Second Circuit that §511 precludes the District Court from reviewing claims based upon the determination of benefits by the Secretary of Veteran's Affairs. <u>Hassan v. U.S. Dept. of Veterans Affairs</u>, 137 Fed.Appx. 418 (2d. Cir. 2005)(the district court is barred from reviewing the defendants' benefits determination, [inasmuch as] the decision of the Secretary of Veterans Affairs as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise).

The fact that the plaintiff brings the action under the FTCA does not provide the Court with jurisdiction over a benefits claim.[3] The Second Circuit has similarly held that the bar of district court review of the determination of benefits is not circumvented because the plaintiff brings the claim under the cover of a constitutional or statutory claim. <u>Sugrue v. Derwinski</u>, 26 F.3d 8, 11 (2d Cir.1994)(Section 511(a) likewise prohibited the district court from considering constitutional and statutory challenges to the defendants' decision to expel him from a VA facility, as "the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms," or when statutes are "used as a rhetorical cover to attack VA benefits determinations."). See also <u>McMillan v. Togus Regional Office, Dept. of Veterans Affairs</u>, 120 Fed.Appx. 849 (2d. Cir. 2005)(same); <u>Di Silvestro v. United States</u>, 181 F.Supp. 860 (E.D.N.Y. 1960)(Although the plaintiff asserts that his claims are based on the Federal Tort Claims Act, and are ostensibly for damages, this is, in reality, another attempt to obtain a review of the decision of the Veterans' Administration which forfeited his pension and disability benefits. ... [T]his court has no jurisdiction to grant the

---

[3] In response to the instant motion, the plaintiff repeats that under the FTCA he has asserted a "personal injury claim against defendant for illegally discontinuing Dental benefits in the middle of a dental surgical procedure." (Docket No. 42 at page 2).

plaintiff such a review ... in the guise of an action brought under the Federal Tort Claims Act.)[4]

Based on the above, the Court lacks jurisdiction over the claims asserted in the complaint in this case. The motion to dismiss should be granted.[5]

**Conclusion**

It is recommended that the motion to dismiss be granted.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

---

[4] To the extent that the complaint could have been construed as bringing a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), it must also be dismissed for failure to state a claim. The Second Circuit foreclosed such relief in Hassan citing FDIC v. Meyer, 510 U.S. 471, 486 (1994) (holding that Bivens actions seeking damages cannot be brought against Government agencies); Sugrue, 26 F.3d at 11-13 (declining to find Bivens cause of action against VA employees by veterans claiming disability benefits); McMillan v. Togus Regional Office, Dept. of Veterans Affairs, 120 Fed.Appx. 849 (2d. Cir. 2005)(same).

[5] The plaintiff has also filed a one-sentence motion to compel, seeking "any documents pertaining to Fiduciary for Edward E. Brown, and any documents pertaining to "Power of Attorney" or any other form of representation all inclusive." (Docket No. 43). The plaintiff does not articulate how the documents relate to the claims in this case. In any event, inasmuch as the Court has determined that jurisdiction over the claims in the complaint is lacking, the motion to compel is denied as moot.

**WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 23, 2011